UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Gail Margaret McCarthy

   v.                              Civil No. 18-cv-240-JD
                                   Opinion No. 2018 DNH 197
Nancy A. Berryhill, Acting
Commissioner, Social Security
Administration


O R D E R

Gail Margaret McCarthy seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the Acting Commissioner's decision denying her application for disability insurance benefits. In support, McCarthy contends that the Administrative Law Judge ("ALJ") erroneously found that she did not have medically determinable mental impairments, erred in failing to find limitations related to diverticulitis, and made a flawed credibility finding. The Acting Commissioner moves to affirm.

Standard of Review

In reviewing the final decision of the Acting Commissioner in a social security case, the court "is limited to determining whether the ALJ deployed the proper legal standards and found facts upon the proper quantum of evidence." Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999); accord Seavey v. Barnhart, 276 F.3d 1, 9 (1st Cir. 2001). The court defers to the ALJ's

factual findings as long as they are supported by substantial evidence.  § 405(g).  Substantial evidence is "more than a scintilla of evidence" but less than a preponderance.  Purdy v. Berryhill, 887 F.3d 7, 13 (1st Cir. 2018).  The court must affirm the ALJ's findings, even if the record could support a different conclusion, as long as "a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support [the ALJ's] conclusion."  Irlanda Ortiz v. Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) (internal quotation marks omitted); accord Purdy, 887 F.3d at 13.

Background

McCarthy applied for social security benefits in October of 2015, alleging that she became disabled on February 28, 2014, when she was sixty-one years old.  She alleged disability because of diabetes, neuropathy, hypertension, diverticulitis, an open wound in her abdomen, arthritis, and a bulging disc in her back.[1]

---

[1] McCarthy did not list any mental condition that limited her ability to work in her Disability Report or her Function Report although she indicated in the Disability Report that she had been treated for depression and anxiety.  In the Function Report, she wrote that pain limited some of her functional ability and stated that she could pay attention for ten to twenty minutes and follow instructions "okay".

Before her alleged disability, McCarthy had worked from 1970 through 2014, except for one year. She previously worked as an accounting clerk and a payroll clerk.

Her medical history shows abdominal surgeries beginning with diverticulitis in 2010 that resulted in a persistent open wound. McCarthy was also treated for depression by her primary care physician, Dr. Melissa Duxbury.

A state agency physician, Dr. Abraham Colb, reviewed McCarthy's records in May of 2016. Dr. Colb determined that her gastrointestinal disorders, including the wound and diverticulitis, were not severe. He found that she could do work at the light exertional level and occasionally do postural activities.

Dr. Duxbury completed a Mental Health Questionnaire on January 31, 2017, that was based on a Patient Health Questionnaire, PHQ-9, and a Generalized Anxiety Disorder 7 Item Assessment, GAD-7, which were completed in August of 2016. During her examination in August of 2016 when the mental health tests were done, Dr. Duxbury noted that McCarthy was "alert and cooperative; normal mood and affect; normal attention span and concentration." Dr. Duxbury wrote with respect to McCarthy's depression that she was "doing well" and that her depression had "been stable for a number of years on the medication." Six months later, Dr. Duxbury wrote on the Mental Health

3

Questionnaire that McCarthy had moderate to marked deficiencies in concentration and persistence or pace that would result in failure to complete tasks in a timely manner and marked episodes of deterioration or decompensation in work settings that would cause McCarthy to withdraw from the situation.

A hearing was held before an ALJ in April of 2017. McCarthy was represented by an attorney at the hearing. She testified that the complications following her diverticulitis surgery that resulted in a persistent open wound caused her to stop working. She also testified in response to her attorney's question about "difficulties on the mental side" that she had "a lot of mental issues with the fact that I still have an open wound in my abdomen that still secretes stuff." Her testimony, however, focused on physical pain from the wound and her back. She also testified that she was taking Cymbalta for depression.

The ALJ found that McCarthy had the residual functional capacity to do work at the light exertional level, with a limitation of standing, walking, and sitting for no more than six hours, and a limitation to occasional postural activities. Based on the vocational expert's testimony, the ALJ found that McCarthy could return to her former work as an accounting clerk and a payroll clerk. For that reason, the ALJ found that McCarthy was not disabled. The Appeals Council denied

McCarthy's request for review, making the ALJ's decision the final decision of the Acting Commissioner.

## Discussion

McCarthy contends that the decision must be reversed because the ALJ erred at Step Two in finding that she did not have a medically determinable severe mental impairment, failed to include a limitation based on diverticulitis, and improperly assessed her credibility. The Acting Commissioner moves to affirm.

In determining whether a claimant is disabled for purposes of social security benefits, the ALJ follows a five-step sequential analysis. 20 C.F.R. § 404.1520. The claimant bears the burden through the first four steps of proving that her impairments preclude her from working. Freeman v. Barnhart, 274 F.3d 606, 608 (1st Cir. 2001). At the fifth step, the Acting Commissioner has the burden of showing that jobs exist which the claimant can do. Heggarty v. Sullivan, 947 F.2d 990, 995 (1st Cir. 1991).

A. Mental Impairment – Step Two

McCarthy contends that the ALJ erred in failing to find a medically determinable mental impairment at Step Two. To be medically determinable, a severe mental impairment "must result from . . . psychological abnormalities that can be shown by

5

medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1521. That is, a "mental impairment must be established by objective medical evidence from an acceptable medical source" but cannot be established by the claimant's "statement of symptoms, a diagnosis, or a medical opinion." Id.

In the Step Two analysis, the ALJ stated that "[t]he claimant's physical provider, Melissa Duxbury, MD has submitted an opinion related to the claimant's mental health that has not been considered as Dr. Duxbury is not a mental health specialist." Admin. Rec. at 13. He further stated that because "the only diagnosis of any mental health condition was made by a provider that does not specialize in mental health care, the undersigned finds that this condition is non-medically determinable." The Acting Commissioner acknowledges that the ALJ was wrong to disregard Dr. Duxbury's opinion because she was not a mental health specialist. The Acting Commissioner argues, however, that the ALJ's error was harmless because the ALJ also provided other reasons for not crediting Dr. Duxbury's opinion.

Specifically, the ALJ noted that McCarthy did not allege any mental health impairments in her application. The ALJ also noted that, contrary to her opinion, Dr. Duxbury recorded in her treatment notes that McCarthy had a normal mood and affect, and normal attention span and concentration and that the record

6

showed that McCarthy's depression had been stable for a number of years.

"Medical opinions are statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 404.1527(a)(1). Medical opinions are evaluated based upon the nature of the medical source's relationship with the claimant, the extent to which the source provides evidence to support the opinion, the extent the opinion is consistent with other evidence in the record, the specialization of the medical source, and other factors including the understanding the source has of the social security system. § 404.1527(c).

The court agrees that the ALJ erred in dismissing Dr. Duxbury's opinion based on her specialty. Nevertheless, as the ALJ also noted, Dr. Duxbury's other medical evidence did not support the severity of mental impairment that she indicated in the Questionnaire. Therefore, despite the error, it was appropriate for the ALJ not to rely on Dr. Duxbury's opinion as to the severity of mental impairment and to find, instead, that McCarthy did not have a medically determinable severe mental impairment.

B.  <u>Diverticulitis – Residual Functional Capacity</u>

At Step Two, the ALJ found severe impairments of degenerative disk disease and obesity and non-severe impairments of diverticulitis and diabetes mellitus.  The ALJ noted that the record showed McCarthy had a history of surgical repair of diverticulitis but did not establish any work-related limitations associated with diverticulitis that were not covered by the limitations caused by disk disease and obesity.  McCarthy contends that the ALJ erred because he did not discuss the open wound in her abdomen and did not find limitations related to her diverticulitis.

McCarthy did not submit any physical functional capacity assessment or any other objective evidence to show that diverticulitis and her wound caused functional limitations.  As a result, the only assessment in the record was done by a non-examining state agency physician, Dr. Colb, in May of 2016.  Dr. Colb considered McCarthy's diverticulitis, her surgical history, and her description of the open abdominal wound.  He found that the diverticulitis and related condition were not severe.  Therefore, substantial evidence in the record supported the ALJ's finding at Step Two.

In addition, Dr. Colb assessed that McCarthy had a residual functional capacity to do work at the light exertional level with limitations on her ability to do postural activities.  The

8

ALJ relied on Dr. Colb's assessment in making his own residual functional capacity assessment. The ALJ also noted that despite her various impairments McCarthy had no trouble in her activities of daily living, which included trips to Ireland and Paris. As a result, McCarthy has not shown that the ALJ erred in assessing her residual functional capacity.

C. Credibility Assessment

McCarthy also contends that the ALJ erred in assessing her credibility because he did not acknowledge her strong work history. Although McCarthy, who is represented by counsel, states generally that "agency policy" in 20 C.F.R. § 404.1529(c)(3) and SSR 16-3p require consideration of a claimant's work history, no such requirement is apparent. Nevertheless, to the extent consideration of a claimant's work history is either necessary or recommended, no error occurred here.

McCarthy testified about her work history. The ALJ acknowledged that McCarthy "testified that she had a steady work history but around 2010 suddenly lost all of her stamina after a series of surgeries." Admin. Rec. at 15. Therefore, McCarthy has not shown error based on a failure to consider her work history.

9

## Conclusion

For the foregoing reasons, the claimant's motion to reverse (document no. 10) is denied. The Acting Commissioner's motion to affirm (document no. 13) is granted.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED

_____
Joseph A. DiClerico, Jr.
United States District Judge

October 4, 2018

cc: Amy C. Bland, Esq.
    Daniel W. McKenna, Esq.
    Karl E. Osterhout, Esq.